(No. 43,002.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. EARL MASTERS, Appellee.

*Opinion filed September 30, 1971.*

WILLIAM J. SCOTT, Attorney General, of Chicago, and JOHN B. ROE, State's Attorney, of Oregon, (FRANCIS T. CROWE, and HERMAN R. TAVINS, of counsel,) for the People.

No appearance for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

An information filed in the circuit court of Ogle County charged defendant Earl Masters with the offense of being a plumbing contractor doing business in the State of Illinois without being certified under the Illinois Plumbing Contractors' Certification Act (Ill.Rev.Stat. 1967, ch. 111½, pars. 116.201 through 116.217,) hereafter called the Certification Act. Masters is a plumber licensed under the Illinois Plumbing License Law (Ill.Rev.Stat. 1967, ch. 111½, pars 116.36 through 116.67,) and is a plumbing contractor as defined by section 3 (par. 116.203) of the Certification Act. The trial court found the Certification Act to be unconstitutional and dismissed the information. The Attorney General, on behalf of the Department of Public Health, appeals directly to this court.

Section 4 (par. 116.204) of the Certification Act requires all plumbing contractors doing business in this State to be certified annually. A plumbing contractor is defined as any person, firm, association, partnership, or corporation engaged in the plumbing business whether such business is conducted by contract or otherwise but does not include licensed plumbers or registered plumbers' apprentices who are employed by persons engaged in the plumbing business. (Par. 116.203(2).) The only requirements for becoming a certified plumbing contractor are that at least one member of every certified firm, association or partnership, and at least one corporate officer of every certified corporation be a licensed plumber (par. 116.205), that the contractor post a $20,000 performance bond with the Department of Public Health (par. 116.206) and that the contractor pay an annual fee of $125. (par. 116.207.)

In *People v. Brown, 407 Ill. 565,* the Illinois Plumbing License Law of 1935 (Ill.Rev.Stat. 1939, ch. 111½, pars. 95 through 116) was held unconstitutional on several grounds. One of the vices of that act was that it permitted a licensed journeyman plumber to engage in his calling

only as an employee of a licensed master plumber or firm authorized to engage in plumbing by the provisions of the Act. This court held that the arbitrary control by master plumbers over access to the plumbing business was unrelated to public health. The Illinois Plumbing License Law of 1951 (Ill.Rev.Stat. 1951, ch. 111½, pars. 116.1 through 116.35) was then adopted and it was also held unconstitutional.) *(Schroeder v. Binks, 415 Ill. 192.)* The 1951 act eliminated the requirement of employment by master plumbers and substituted for it a requirement of supervision by master plumbers of all plumbing work done by journeymen or apprentices.

In *Schroeder v. Binks* in examining the classification of master and journeyman plumbers under the 1951 act this court observed: "Common knowledge and experience suggest no connecting link between considerations of public health and the requirement of the act that all plumbing work—of whatever kind or degree of complexity —which is done by a licensed journeyman plumber must be done under the supervision of a master plumber. Nor does the record supply the deficiency." (415 Ill. 192, 196.) The court then summarized the testimony of a professor of sanitary engineering, a teacher from a trade school, a licensed journeyman plumber and the operator of a plumbing school, the net effect of which was that there is no difference in the technical skill of a master and journeyman plumber—the difference between the two being that the master plumber is the employer who deals with the public and risks his capital and the journeyman plumber is the employee. The court concluded: "In all of this there is no suggestion that protection of the public health is enhanced by the requirement that all of the work of a licensed journeyman must be supervised by a master. Rather it appears that the roots of the requirement reach back to an economic pattern which is anachronistic today. We do not, of course, hold that economic relationships are

*per se* beyond the regulatory powers of the General Assembly. [Citation.] The statute now before us, however, in its preamble explicitly recites its concern for public health, and that alone. [Citation.] The rigid hierarchy it imposes upon the plumbing business appears to be an incidental, or accidental, appendage to regulations aimed primarily at protection of the public health." 415 Ill. 192, 197-198.

The opinion in *Schroeder v. Binks* was filed on June 17, 1953, and the Illinois Plumbing License Law was approved on July 13, 1953. In that Act the distinction between a master plumber and journeyman plumber was eliminated and provision made for the single classification of licensed plumber. The Certification Act has, however, reintroduced the distinction between the plumber who is the employer, deals with the public, risks his capital and is now called a certified plumbing contractor and the employee plumber who is now called the licensed plumber.

The Certification Act in its declaration of policy (par. 116.202) recites the legislature's concern that plumbing facilities be properly constructed and installed by individuals of proved skill in order to protect the public health. We fail to perceive any connection, however, between considerations of public health and the requirement that a licensed plumber post a $20,000 bond and pay an annual fee of $125 in order to become a certified plumber. The People, in their brief assert that the statute here involved is distinguishable from those held invalid in *People v. Brown* and *Schroeder v. Binks* but the assertion stands unsupported by any attempt to enumerate or discuss the distinctions. We hold, therefore, that the act violates the due process and equal protection clauses of the Illinois and Federal constitutions.

The trial court properly dismissed the charge against the defendant and the judgment is accordingly affirmed.

*Judgment affirmed.*